[S. F. No. 7809. In Bank.—April 6, 1916.]

E. B. MARTINELLI, Petitioner, v. W. G. MORROW et al., Constituting the Board of Directors of Marin Municipal Water District, Respondents.

MUNICIPAL WATER DISTRICTS—ELECTION OF OFFICERS—PLURALITY VOTE —CONSTITUTIONAL LAW.—Section 13 of article XX of the constitution, providing for an election by a plurality vote, only applies to state elections, elections in cities, counties, and cities and counties, and in such other political subdivisions of the state now or hereafter created which exercise governmental functions. It does not apply to municipal water districts.

APPLICATION for a Writ of Mandate directed to the Board of Directors of the Marin Municipal Water District.

The facts are stated in the opinion of the court.

Martinelli & Greer, for Petitioner.

George H. Harlan, for Respondents.

THE COURT.—This is an application for mandate, in effect asking this court to declare that certain candidates for the office of members of the board of directors of the Marin Municipal Water District who received a plurality,

but not a majority, of the votes cast at the election held for the purpose of electing the board of directors, were in law duly elected members of the board of directors. The act authorizing the creation of municipal water districts provides that "no person shall be declared elected at such first election unless" he shall have received a majority of the votes cast. Article XX, section 13, of the constitution provides that: "A plurality of the votes given at any election shall constitute a choice where not otherwise directed in this constitution." The constitution then proceeds to exempt from the operation of this provision cities, counties, and cities and counties whose charter provisions shall control in the matter. And next it empowers the legislature by general law to provide the manner in which "officers of municipalities organized or incorporated under general laws may be elected."

The point in dispute is whether or not this provision of the constitution providing for an election by a plurality is controlling. We are of the opinion from a reading and consideration of the whole constitutional section that the constitution was dealing only with state elections, elections in cities, counties, and cities and counties, and in such other political subdivisions of the state now or hereafter created which exercise governmental functions, and that consequently the provision does not apply to organizations such as this, created for a limited purpose and for the accomplishment of a useful but not a political or governmental end.

The application for a writ is therefore denied.